[No. 4380–1. Division One. January 9, 1978.]

WALTER DAVY, ET AL, *Appellants,* v. RICHARD E. MOSS, ET AL, *Defendants,* GEORGIA TIMBREZA, *Respondent.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Charles A. Kimbrough, David D. Swartling,* and *Philip A. Talmadge,* for appellants.

*Steinberg & Steinberg* and *Jack Steinberg,* for respondent.

WILLIAMS, J.—The question on this appeal is whether the trial court, in an action for a breach of contract, erred in refusing to allow to the prevailing party the reasonable attorney's fees called for in RCW 4.84. The answer depends upon the meaning of "action for damages." We reverse.

Pertinent sections of the statute are:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any *action for damages* where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is one thousand dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.

(Italics ours.) RCW 4.84.250.

> The plaintiff, or party seeking relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250 when the recovery, exclusive of costs, is as much as or more than the amount offered in settlement by the plaintiff, or party seeking relief, as set forth in RCW 4.84.280.

RCW 4.84.260.

> The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief, recovers nothing, or if the recovery, exclusive of costs, is the same as or less than the amount offered in settlement by the

defendant, or the party resisting relief, as set forth in RCW 4.84.280.

RCW 4.84.270.

Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules. Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250.

RCW 4.84.280.

The term "damages" has been defined as

the sum of money which the law awards or imposes as pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence either of a breach of a contractual obligation or a tortious act.

22 Am. Jur. 2d *Damages* § 1 (1965). Otherwise,

The law of damages deals with the standards, rules, and processes used by the courts in measuring compensation for losses and injuries.

C. McCormick, *Handbook on the Law of Damages* 1 (1935). In Washington, the word "damages" has been construed to include both tort and contract actions. *Puget Constr. Co. v. Pierce County* , 64 Wn.2d 453, 392 P.2d 227 (1964).

■ It is evident that the settlement scheme contained in RCW 4.84 is designed to promote nonjudicial determination of court actions and to discourage resistance to just claims for damages in cases in which litigation costs may well exceed the amount involved. Both of these purposes apply to actions for damages on contract as well as in tort.

The cause is remanded to the trial court for allowance of attorney's fees to the prevailing party.

FARRIS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied April 12, 1978.

Review denied by Supreme Court October 20, 1978.