[No. 21759-3-I. Division One. December 12, 1988.]

KINGSTON LUMBER SUPPLY COMPANY, *Respondent,* v. HIGH
TECH DEVELOPMENT INC., ET AL, *Defendants,*
JAMES PUCKETT, *Appellant.*

*Daniel P. Brink* and *Trethewey, Brink, Todd & Clayton,*
for appellant.

*Robert W. McKisson, Tarl R. Oliason,* and *McKisson &
Sargent,* for respondent.

PEKELIS, J.—James R. Puckett appeals from the denial of

his motion for attorney's fees in a mechanics' lien foreclosure action. The question presented by this appeal is whether under the facts of this case the attorney's fee provision of RCW 4.84.250 or RCW 60.04.130 controls.

In August of 1985, Kingston Lumber Supply Company filed a complaint to foreclose a $9,346.52 mechanics' lien against property it believed to be owned by a Robert Lee Johnston or a Dee Strong. Kingston Lumber prayed for a judgment against the defendants individually and severally in the aforementioned amount and for a lien foreclosure in the event that the judgment was not paid. After Kingston Lumber obtained a default judgment, Puckett, who claimed a beneficial interest in the subject property, intervened in the action[1] and successfully moved to vacate the judgment and have the complaint dismissed on the grounds of insufficient service. Puckett also sought an award of attorney's fees, basing his claim on, *inter alia,* RCW 4.84.250 and RCW 60.04.130. The court held that RCW 4.84 did not apply to a lien foreclosure action and refused, in its discretion, to award attorney's fees to Puckett under RCW 60.04.130.

Puckett contends that this suit to foreclose a lien in the amount of $9,346.52 is an action for personal damages, controlled by RCW 4.84.250. That section provides for a mandatory award of attorney's fees to a prevailing party in certain actions for damages in which the amount pleaded is $10,000 or less.[2] He argues that where, as here, the amount in controversy is less than $10,000, RCW 4.84.250 should prevail over RCW 60.04.130, an attorney's fee statute pertaining to mechanics' lien foreclosure actions, which makes

---

[1]An action to foreclose on the mortgage of the subject property had been consolidated with this claim.

[2]RCW 4.84.250 provides in part: "[I]n any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is [$10,000] or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. . . ."

the award of such fees merely discretionary.[3] Kingston Lumber replies that RCW 60.04.130 is a "special" statute and that therefore it should prevail over the "general" statute, RCW 4.84.250.

Kingston Lumber correctly states the rule of statutory construction which prefers a special statute to a more general one where the two overlap. *See General Tel. Co. v. Utilities & Transp. Comm'n,* 104 Wn.2d 460, 464, 706 P.2d 625 (1985). However, this rule is not easily applied here since it is not entirely clear which of these two statutes would be characterized as more "special" than the other. RCW 4.84.250 is "general" in the sense that it applies to all types of damage actions, but is also "special" in the sense that it is limited to those cases involving $10,000 or less. Similarly, RCW 60.04.130 is "general" in the sense that it does not impose limits on the amount in controversy, but is "special" in the sense that it involves only lien foreclosure actions.

On the other hand, the following rules of statutory construction are applicable to the apparent conflict between the two attorney's fee sections. First, the Legislature is presumed to be familiar with its prior enactments when it passes a new statute. *Baker v. Baker,* 91 Wn.2d 482, 486, 588 P.2d 1164 (1979). Further, we must presume that the Legislature does not engage in unnecessary or meaningless acts. *State v. McCullum,* 98 Wn.2d 484, 493, 656 P.2d 1064 (1983). Application of these rules does not necessarily lead to the conclusion, however, as Puckett suggests, that RCW 4.84.250 impliedly repealed all prior discretionary attorney fee statutes to the extent they appear to conflict with RCW 4.84.250. Repeal by implication is a disfavored principle to be applied only where (1) the later act covers the entire subject matter of the earlier legislation, evidencing a clear

---

[3]RCW 60.04.130 provides in part: "The court may allow to the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the superior court, court of appeals, and supreme court."

intent to supersede the prior act; or (2) the two acts are so clearly inconsistent with and repugnant to each other that they cannot be reconciled. *See Walton v. Absher Constr. Co.*, 101 Wn.2d 238, 242, 676 P.2d 1002 (1984).

■■ We presume that at the time of the enactment of RCW 4.84.250 the Legislature knew of the many statutory provisions providing for a discretionary award of attorney's fees. Rather than finding that the Legislature impliedly repealed RCW 60.04.130 and those additional numerous statutes, we hold that these two statutes can be readily harmonized. Under RCW 60.04.130, a trial court in lien cases has the discretion to award attorney's fees, but if the amount in controversy is $10,000 or less, RCW 4.84.250 mandates fees to a prevailing party. Construed in this manner, RCW 4.84.250 does not require any award which RCW 60.04.130 would prohibit; it simply makes mandatory some awards that would otherwise be optional.

■ Such a construction furthers the purpose of RCW 4.84.250, which is "to encourage out–of–court settlements and to penalize parties who unjustifiably bring or resist small claims." *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 788, 733 P.2d 960 (1987). These purposes apply to any action for damages, regardless of its nature. *See Davy v. Moss,* 19 Wn. App. 32, 34, 573 P.2d 826 (holding that RCW 4.84 applies equally to actions for damages on contract as well as in tort), *review denied,* 90 Wn.2d 1021 (1978). Although Kingston Lumber's foreclosure action sought the equitable remedy of foreclosure, it also clearly sought monetary recovery on a debt, and thus was "an action for damages". *See Puget Constr. Co. v. Pierce Cy.,* 64 Wn.2d 453, 459, 392 P.2d 227 (1964) ("damages" is comprehensive term including all claims for monetary compensation). Thus, Puckett is entitled to his fees under RCW 4.84.250 if he has demonstrated that he is a "prevailing party."

A defendant is considered a "prevailing party" for the purposes of RCW 4.84.250 if the plaintiff recovers *either*

nothing *or* a sum not exceeding that offered by the defendant in settlement. RCW 4.84.270.[4] Thus, even where no settlement offer is made, a defendant is entitled to attorney's fees if the plaintiff recovers nothing. *Lowery v. Nelson,* 43 Wn. App. 747, 752, 719 P.2d 594, *review denied,* 106 Wn.2d 1013 (1986), *appeal dismissed,* 479 U.S. 1024, 93 L. Ed. 2d 820, 107 S. Ct. 864 (1987). Since Kingston Lumber's claim was dismissed and it recovered nothing, Puckett is a prevailing defendant and is therefore entitled to attorney's fees under RCW 4.84.250.[5]

Puckett also seeks his attorney's fees on appeal. He is entitled to his fees under RCW 4.84.290. Although he has not strictly complied with RAP 18.1(c), the circumstances of this case have made it difficult to obtain the required affidavit of former counsel. We therefore excuse the noncompliance and remand for a determination of reasonable attorney's fees under both RCW 4.84.250 and 4.84.290.

COLEMAN, A.C.J., and GROSSE, J., concur.

Review denied by Supreme Court March 28, 1989.

---

[4]RCW 4.84.270 provides:

"The defendant . . . shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280."

[5]Since we find the "recovers nothing" prong of RCW 4.84.270 dispositive here, we do not address Puckett's additional claim that he would be entitled to fees on the basis of his settlement offer.