60 Wn. App. 426 (1991)
804 P.2d 642
MARVIN MACKEY, Respondent,
v.
AMERICAN FASHION INSTITUTE CORP., ET AL, Appellants.
No. 25292-5-I.
The Court of Appeals of Washington, Division One.
January 28, 1991.
Nicholas P. Scarpelli, James E. Lobsenz, and Carney, Stephenson, Badley, Smith & Spellman, for appellants.
James Anderson and Anderson & Rode, for respondent.
SCHOLFIELD, J.
American Fashion Institute, Magic Fit Enterprise, and Dusan Mrak appeal the trial court's denial of their request for attorney's fees pursuant to RCW 4.84.250. We reverse.

FACTS
On March 11, 1985, respondent Marvin Mackey filed suit for breach of contract against Magic Fit Enterprise, American Fashion Institute, and Dusan Mrak, the sole shareholder of both corporations.[1] In the suit, Mackey alleged that his former employer, American Fashion, had violated RCW 49.52.050[2] by willfully withholding a portion of his *428 wages. In his complaint, Mackey prayed for relief in the amount of $10,000, together with his reasonable attorney's fees and costs. The $10,000 figure represented the combined total of $5,000 in wages Mackey alleged was wrongfully withheld, plus an additional $5,000 pursuant to the doubling provisions of RCW 49.52.070.[3] On December 9, 1986, Mackey refused a $1,000 offer of settlement made by defendants pursuant to RCW 4.84.250. The case went to trial on March 14, 1989.
The court ruled in favor of American Fashion on the breach of contract claim, holding that Mackey was entitled to no relief because no valid contract existed between the parties regarding the payment of wage increases. American Fashion subsequently moved for an award of attorney's fees under RCW 4.84.250. In denying the motion, the trial court stated:
The defendants [a]re entitled to recover statutory costs. The defendants are not entitled to recovery [sic] attorney fees pursuant to RCW 4.84.250 et seq. and Civil Rule 68. The legislature's amendment increasing the maximum dollar limit under RCW 4.84.250 from $7,500 to $10,000 did not become effective until July 2, 1985. The complaint in this case was filed on February 26, 1985.[[4]] In the complaint plaintiff asked for $10,000 damages ($5,000 to be doubled pursuant to RCW 49.52.070). The amendment to RCW 4.84.250 which increased the maximum dollar limit cannot be applied retroactively to this case. Therefore, since the amount pleaded exceeded $7,500 RCW 4.84.250 is not applicable to this case, and defendants are not entitled to attorney's fees.
*429 American Fashion's motion for a reconsideration of this ruling was denied by the trial court.
Judgment was entered in favor of American Fashion on November 13, 1989, dismissing Mackey's claims and requiring him to pay statutory costs of $330.50 to defendants. The judgment also incorporated the court's finding that American Fashion was not entitled to attorney's fees. American Fashion's appeal seeks a reversal of the trial court's denial of attorney's fees below, in addition to seeking attorney's fees on appeal.

APPLICABILITY OF AMENDMENT TO RCW 4.84.250
[1] As a general rule, a reviewing court will not overturn a decision to grant or deny attorney's fees absent a showing of a manifest abuse of discretion. Bill of Rights Legal Found. v. The Evergreen State College, 44 Wn. App. 690, 696, 723 P.2d 483 (1986). However, if the amount in controversy is $10,000 or less, RCW 4.84.250 mandates fees to a prevailing party. Kingston Lumber Supply Co. v. High Tech Dev. Inc., 52 Wn. App. 864, 867, 765 P.2d 27 (1988), review denied, 112 Wn.2d 1010 (1989). The question of whether a statute applies to a factual situation is a question of law and fully reviewable on appeal. Lobdell v. Sugar 'N Spice, Inc., 33 Wn. App. 881, 887, 658 P.2d 1267, review denied, 99 Wn.2d 1016 (1983).
RCW 4.84.250 provides as follows:
Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

(Italics ours.)
Mackey cites Nelson v. Serwold, 687 F.2d 278 (9th Cir.1982) in arguing that the amendment of RCW 4.84.250 involved the creation of a new substantive entitlement that should not be applied retroactively. His reliance on Nelson *430 is misplaced. At issue in that case was whether retroactive application should be given to an amendment to the civil liabilities act, RCW 21.20.430(2), which gave defrauded sellers of securities a new statutory right of action, including the right to recover attorney's fees. Nelson, at 283-84. Characterizing the statute's attorney's fee provisions as a "new substantive entitlement," the court affirmed the District Court's conclusion that the amendment operated prospectively only. Nelson, at 284. The court also noted that Nelson's case was no longer even pending as of the effective date of the amendment. Nelson, at 284.
In the present case, we are not faced with a statutory amendment creating a new cause of action. Nor are we faced with a provision establishing a right to recover attorney's fees where no such right had previously existed. The attorney's fee remedy under RCW 4.84.250 was available prior to Mackey's filing suit; the amendment merely expanded the statute's applicability to actions where the "amount pleaded" was $10,000 or less. No new substantive entitlement was created.
[2, 3] Furthermore, the amendment to RCW 4.84.250 became effective while this case was still pending. Mackey's complaint was filed in March 1985; the amendment took effect after July 1, 1985, and the case was dismissed in November 1989. In Bellingham v. Eiford Constr. Co., 10 Wn. App. 606, 519 P.2d 1330 (1974), we held that statutory attorney's fee provisions in effect at the termination of the action are controlling:
The substantial and overwhelming weight of authority is to the effect that unless a contrary intent clearly appears from the statute, the right to costs and attorney fees, as well as the determination of the amount thereof, is governed by the statute in force at the termination of the action, rather than at the time of its commencement.
Eiford, at 608. See also Bradfute v. Renton Sch. Dist. 403, 19 Wn. App. 638, 639 n. 1, 577 P.2d 157 (1978) (attorney's fee provisions of RCW 28A.58.490 did not affect contractual or vested right but dealt with "`practice, procedure or remedies'", and could be retroactively applied).
*431 We conclude that the amendment to RCW 4.84.250, increasing the "amount pleaded" ceiling to $10,000 after July 1, 1985, is applicable in this action. The trial court erred in refusing to apply the statute as amended.

"AMOUNT PLEADED" UNDER RCW 4.84.250
Regardless of whether RCW 4.84.250 can be given retroactive effect, Mackey contends that the statute is inapplicable here because the "amount pleaded" exceeded $10,000. In his complaint, Mackey prayed for relief "in the amount of $10,000.00, together with ... reasonable attorney's fees and costs and for such other and further relief as the court deems just." Mackey argues that his request for an unspecified amount of attorney's fees in the complaint must be treated as a damage element, thus raising the "amount pleaded" above the $10,000 maximum of RCW 4.84.250.
[4] We disagree. Mackey brought suit under RCW 49.52.070, which allows for judgment for twice the amount of wages withheld by way of exemplary damages, together with costs and attorney's fees. Mackey has cited no authority, nor are we aware of any, which characterizes an attorney's fee award under the statute as an element of damages. When a contract, statute or equitable basis authorizes the award, attorney's fees are allowed as a part of the cost of litigation. See Sarruf v. Miller, 90 Wn.2d 880, 885, 586 P.2d 466 (1978). See also Detonics .45 Assocs. v. Bank of Cal., 97 Wn.2d 351, 354, 644 P.2d 1170 (1982) (attorney's fees considered costs of litigation rather than penalties). Attorney's fees are recoverable as a damage element only in a narrow range of circumstances, none of which are present here. See Western Comm'ty Bank v. Helmer, 48 Wn. App. 694, 740 P.2d 359 (1987) (attorney's fees as consequential damages); Bill of Rights Legal Found. v. The Evergreen State College, 44 Wn. App. 690, 723 P.2d 483 (1986) (attorney's fees as compensatory damages in frivolous appeal).
The "amount pleaded" under RCW 4.84.250 includes only a party's basic claim for damages. See Northside Auto *432 Serv., Inc. v. Consumers United Ins. Co., 25 Wn. App. 486, 492, 607 P.2d 890 (1980) (construing "amount pleaded" under RCW 4.84.250 as basic claim for damages exclusive of interest). Because the attorney's fees sought by Mackey cannot be characterized as a damage element, they also cannot be considered a part of his "amount pleaded" under the statute. Mackey's claim for damages thus totaled $10,000 and was within the limits of RCW 4.84.250.

DEFENDANT AS PREVAILING PARTY UNDER RCW 4.84.250
The defendant is considered the "prevailing party" for purposes of RCW 4.84.250 if the plaintiff recovers either nothing or a sum not exceeding that offered by the defendant in settlement. RCW 4.84.270;[5]Kingston Lumber Supply Co. v. High Tech Dev. Inc., 52 Wn. App. 864, 867-68, 765 P.2d 27 (1988), review denied, 112 Wn.2d 1010 (1989). Since Mackey's breach of contract claim was dismissed and he recovered nothing, American Fashion was the "prevailing party" below and is entitled to recover attorney's fees under RCW 4.84.250 and .270.
American Fashion has also requested attorney's fees on appeal. It is entitled to such fees under RCW 4.84.290.
Judgment reversed.
WEBSTER, A.C.J., and COLEMAN, J., concur.
NOTES
[1] The respondents will be referred to simply as "American Fashion".
[2] RCW 49.52.050 provides as follows in relevant parts: "Any employer or officer ... who ... (2) [w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; ... [s]hall be guilty of a misdemeanor."
[3] RCW 49.52.070 provides as follows: "Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees...."
[4] The filing stamp appearing on the face of the complaint indicates a filing date of March 11, 1985.
[5] RCW 4.84.270 provides: "The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280."