[No. 26555-9-II.   Division Two.   April 26, 2002.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*, v.
NATIONAL SECURITY CONSULTANTS, INC. *Respondent*.

*Christine O. Gregoire, Attorney General*, and *Bourtai B.
Hargrove, Assistant*, for appellant.

*David A. Fantauzzi*, for respondent.

*Patrick M. Madden* and *Cabrelle Abel* on behalf of Association of Washington Business, amicus curiae.

QUINN-BRINTNALL, A.C.J. — The Department of Labor and Industries (L&I) appeals a Pierce County Superior Court decision holding that RCW 51.36.030 exempts employers of fewer than 50 employees from compliance with L&I first aid training rules in former WAC 296-24-060(2) (1994).[1]

L&I appeals to this court, arguing that RCW 51.36.030 is preempted by federal law and repealed by state law. We hold that L&I waived these claims when it failed to raise them before the Board of Industrial Insurance Appeals. We affirm.

## FACTS[2]

This is a civil enforcement action by the Department of Labor and Industries against National Security Consultants, Inc., (NSC) brought under the Washington Industrial Safety and Health Act of 1973 (WISHA). NSC supplied security staff to a mall in Puyallup, Washington. "NSC has fewer than fifty employees . . . ." Board R. at 52. L&I received a complaint that security at the South Hill Mall in Puyallup needed first aid training. Following an inspection NSC was cited for

> violations of WAC 296-24-060(2) which provides that there shall be present at all times a person who holds a valid certificate of first [sic] training (Citation 1); WAC 296-24-040 which provides that each employer shall develop a formal accident prevention program tailored to the specific needs of this particular operation (Citation 2a); and WAC 296-24-

---

[1] WAC 296-24-060 was repealed in 1998 and new first aid code sections were substituted. *See* former WAC 296-24-06105 through -06160 (1998). These sections do not reference RCW 51.36.030.

[2] The parties stipulated to the facts and they are undisputed.

-045(6)(a) which provides that the employer shall hold foreman/crew safety meetings at least once a month (Citation 2b).

Board R. at 52.

NSC appealed to the hearings officer who abated Citations 2a (formal accident prevention program) and 2b (crew safety meetings). NSC appealed the remaining citation, failure to have a person with a valid first aid certification present, to the Board of Industrial Insurance Appeals (Board). The Board affirmed the decision of the hearings officer regarding the second two citations and granted NSC's request to vacate the first citation, holding, "The employer is not required within the meaning of RCW 51.36.030 to cooperate with the Department's first-aid training program." Board R. at 3.

L&I appealed the Board's decision to the Pierce County Superior Court. That court ruled that L&I could not ignore the legislature's intent to limit L&I's authority to require first aid training to businesses with more than 50 employees and affirmed the decision for NSC.

L&I appealed to this court. Here it argues that RCW 51.36.030 is preempted by the federal Occupational Safety and Health Act of 1970 (OSHA) and impliedly repealed by WISHA. NSC argues that L&I waived these claims by failing to raise them before the Board.

One issue is dispositive: Are the preemption and implied repeal issues preserved for our review? We hold that they are not.

## ANALYSIS

■ ■ RCW 49.17.150(1) of the Washington Industrial Safety and Health Act of 1973 governs appeals of Board rulings. It states,

Any person aggrieved by an order of the board of industrial insurance appeals issued under RCW 49.17.140(3) may obtain a review of such order in the superior court for the county in which the violation is alleged to have occurred . . . . *No objec-*

*tion that has not been urged before the board shall be considered by the court*, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

(Emphasis added.) This statutory limitation is wholly separate from this court's discretion to address issues not raised below. *See* RAP 2.5(a); *In re Marriage of Wendy M.*, 92 Wn. App. 430, 434, 962 P.2d 130 (1998).

OSHA PREEMPTION CLAIM

NSC argues that L&I is precluded from raising its claim that OSHA preempted RCW 51.36.030 because the WISHA judicial review statute, RCW 49.17.150, limits the scope of review to issues first brought before the Board. NSC relies on an earlier L&I case in which this court stated, "A party is deemed to have 'waived' any objections . . . to the decision of the Board of Industrial Insurance Appeals that are not specifically set forth in detail by the party in its petition for review before the Board." *Rose v. Dep't of Labor & Indus.*, 57 Wn. App. 751, 756, 790 P.2d 201, *review denied*, 115 Wn.2d 1010 (1990). NSC also argues that while an exception exists for extraordinary circumstances, none have been shown to exist here.

L&I contends that the preemption issue was implicit in its arguments before the Board. "[A]lthough neither the Department nor the Employer used the word 'preemption', both argued the issue and cited authority to support their positions." Reply Br. of Appellant at 5. NSC counters: "[T]he Department did not make or more than hint at either argument in either of the two Board proceedings. . . . (Thus), the Department invited this error by silence." Br. of Resp't at 8.

Unlike the permissive language in RAP 2.5(a), RCW 49.17.150 mandates that *"[n]o objection that has not been urged before the board shall be considered by the court,"* except in the case of extraordinary circumstances. (Emphasis added.) There are no claims of extraordinary circumstances in this case. Thus, a court may address only issues raised before the Board.

Here, the record establishes that the Board did not rule on the preemption issue and there is no mention of OSHA in its Findings of Fact or Conclusions of Law. L&I's argument summary to the Board indicates only that the administrative law judge failed to apply chapter 49.17 RCW to NSC. It does not mention the argument it seeks to present here: that OSHA preempts RCW 51.36.030.

The rest of L&I's argument to the Board focused on alleged conflicts between Washington statutes, RCW 51-.36.030 and chapter 49.17 RCW. L&I did not argue that one statute falls by operation of the supremacy clause of the United States Constitution. For its part, NSC's main argument was that the legislature must resolve any conflict between the statutes and that reconciling the two was beyond the role of the Board. The preemption issue was not urged before the Board and cannot be considered by this court. RCW 49.17.150(1).

IMPLIED REPEAL

L&I also asks us to address its claim that RCW 51.36.030 was repealed by implication when this state adopted WISHA.[3] But this claim too was not raised before the Board and is waived.[4]

RCW 51.36.030 EXEMPTION

■ Because neither L&I's preemption nor implied repeal arguments remain, RCW 51.36.030 controls the disposition of this case. That statute provides:

---

[3] L&I's implied repeal argument appears to be disingenuous. At the time of the events in question, L&I's WAC 296-24-060 (enacted pursuant to WISHA) expressly incorporated RCW 51.36.030 by reference. It was only after NSC filed its challenge that L&I repealed this WAC and promulgated new ones to delete the reference.

[4] Additionally we note that "[a]uthority is legion that implied repeals of statutes are disfavored and courts have a duty to interpret statutes so as to give them effect." *Bellevue Sch. Dist. No. 405 v. Brazier Constr. Co.*, 103 Wn.2d 111, 122, 691 P.2d 178 (1984). Repeal by implication is to be applied only where (1) the later act covers the entire subject matter of the earlier legislation evidencing a clear intent to supersede the prior act; or (2) the two acts are so clearly inconsistent with and repugnant to each other that they cannot be reconciled. *Kingston Lumber Supply Co. v. High Tech Dev. Inc.*, 52 Wn. App. 864, 866-67, 765 P.2d 27 (1988), *review denied*, 112 Wn.2d 1010 (1989). Neither circumstance is present here.

Every employer, who employs workers, shall keep as required by the department's rules a first aid kit or kits equipped as required by such rules with materials for first aid to his or her injured workers. Every employer who employs fifty or more workers, shall keep one first aid station equipped as required by the department's rules with materials for first aid to his or her injured workers, and shall cooperate with the department in training one or more employees in first aid to the injured. The maintenance of such first aid kits and stations shall be deemed to be a part of any safety and health standards established under Title 49 RCW.

Applying well-settled rules of statutory construction to RCW 51.36.030[5] establishes the legislature's intent that businesses with fewer than 50 employees are required to provide first aid kits for employee use. These same businesses may, but are not required, to keep one first aid station equipped as required by the Department's rules or to cooperate with the Department in training one or more employees in first aid to the injured.

It is undisputed that NSC has fewer than 50 employees; thus, we affirm.[6]

SEINFELD and HOUGHTON, JJ., concur.

---

[5] *See, e.g., Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001) (primary goal of statutory construction is to carry out legislative intent); *Dep't of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982) (if plain language of statute is unambiguous then meaning is derived from statute's words); *Overhulse Neighborhood Ass'n v. Thurston County*, 94 Wn. App. 593, 599, 972 P.2d 470 (1999) (courts are required to give effect to every word in statute).

[6] We note that L&I stated at oral argument that more than 90 percent of Washington businesses have fewer than 50 employees. L&I also stated it considered RCW 51.36.030 "no longer effective" and it enforced former WAC 296-24-060 "without protest" since 1973, presumably against all employers. (Its Petition for Review to the Board confirms this. Board R. at 13.) L&I then volunteered that NSC was just the first employer with fewer than 50 employees to challenge such agency actions. After that challenge, L&I rewrote the rules formerly under WAC 296-24-060 and incorporated them into several new WAC sections that became effective June 1, 1998. While these new WACs do not cite to RCW 51.36.030, former WAC 296-24-06150 appears to incorporate the minimum 50-employee statutory limit. "Employers with 50 or more employees per shift at one location must establish a first-aid station .... At least one first-aid trained employee must

40

be available." Former WAC 296-24-06150(1), (3). *But see* former WAC 296-24-
-06135 ("[e]very two years, employees must successfully complete first-aid train-
ing by demonstrating skill and knowledge in the core elements outlined in WAC
296-24-06130"; no minimum statutory limit for employees listed). We are not
asked to attempt to reconcile these regulations in this action.