IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| METIER CONSTRUCTION, INC., | No. 78172-3-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND INDUSTRIES, | |
| Respondent. | FILED: April 15, 2019 |

SCHINDLER, J. — Metier Construction Inc. stacked drywall sheets in a hallway of an apartment unit under construction. The drywall reduced the width of the only exit. The Department of Labor and Industries cited Metier for violation of the Washington Industrial Safety and Health Act of 1973, chapter 49.17 RCW. The Board of Industrial Insurance Appeals affirmed the citations and the superior court affirmed the decision of the board. We affirm.

## FACTS

Metier Construction Inc. was the framing and drywall subcontractor at the construction site of an apartment building in Seattle. Metier instructed the drywall supplier to stack 14 "drywall sheets" in the hallway of an unfinished second-floor unit. One sheet of drywall was 12 feet long, 4 feet 6 inches wide, and 5/8 inches thick and

weighed approximately 106 pounds. The drywall sheets were stacked "on their edge" vertically against the wall in the hallway of the apartment. The hallway was the only means for workers to exit the apartment unit.

On September 24, 2015, the Department of Labor and Industries (Department) safety and health compliance officer Javier Sarmiento was at the construction site. Sarmiento learned an electrical subcontractor had been injured when the drywall stack fell over and broke his left leg. Sarmiento took measurements and photographs of the drywall and hallway, reviewed documents, and interviewed employees who worked for the general contractor CHINN Construction LLC, the subcontractor Metier, and the electrical subcontractor.

On December 15, 2015, the Department issued a citation and notice of assessment to Metier for two "serious" violations and one "general" violation:

Violation 1 Item 1                                    Violation Type:  Serious
WAC 296-155-265(4)(a)

As a hazard creating contractor, the employer did not ensure that exit routes were not obstructed or adversely affected to provide a safe egress for all employees in the building and that a 28 inch width for egress was maintained. Metier construction had stacked and stored drywall in an exit route reducing the exit route width to approximately 18 inches. Exits should be clear and free of obstacles in case employees need to exit the building and give enough clearance to exit if needed during an emergency.

Aisle walkways with less than 28 inch width of clear space to fit through created a high hazard in an emergency, which could cause serious injuries and/or broken bones or permanent disability.

. . . .

Violation 1 Item 2                                    Violation Type:  Serious
WAC 296-155-325(1)(a)

2

As a hazard creating contractor, the employer did not ensure that storage of construction material shall not create a hazard. The drywall stack was standing on the edge and wasn't secure against falling or collapsing, as a result one employee was injured when the drywall stack collapsed onto his left leg. At least one employee was exposed to crushing hazards type injuries in the event of falling over, which could result in broken bones or permanent disability.

. . . .

<u>Violation 2 Item 1</u>                                        <u>Violation Type:  General</u>
WAC 296-155-110(9)(b)

The employer did not ensure that walk-around safety inspections were documented and available for inspection by personnel of the department. The weekly walk-around safety inspections were not documented at Metier's Construction worksite. No walk-around safety inspection documentation was provided by the employer.[1]

Metier appealed the citation and notice of assessment to the Department. The Department issued a "Corrective Notice of Redetermination" (CNR) and affirmed the violations. Metier appealed the CNR to the Board of Industrial Insurance Appeals (Board). The Department amended the citation against Metier, reduced Violation 1 Item 1 from a "serious" to a "general" violation, and vacated Violation 1 Item 2.

A number of witnesses testified at the two-day hearing before an industrial appeals judge (IAJ), including Sarmiento, Metier foreperson Erick Dominguez, Metier metal framer Aron Diaz, and Metier workplace safety expert Kurt Stranne. Sarmiento testified the overall width of the hallway near the apartment unit doorway was 38 ½ inches and the angled stack of drywall reduced the width to 23 ¾ inches. Sarmiento testified he measured the hallway width to be 38 ½ inches, reduced the hallway width by subtracting the thickness of 14 sheets of drywall at 8 ¾ inches, and reduced the

---

[1] Because Metier does not appeal the Board decision regarding Violation 2 Item 1, we do not address the facts related to that violation.

hallway width by 6 more inches at the ground level to allow the drywall to rest at an angle to the wall, for a total hallway width of 23 ¾ inches. Sarmiento said the reference in the citation that states the stacked drywall reduced "the exit route width to approximately 18 inches" was error. Because construction workers typically wear tool belts carrying approximately 10 pounds of equipment, Sarmiento said it was inevitable a worker would "sooner or later" tip over the drywall stacked in the hallway.

Foreperson Dominguez did not dispute that he directed the supplier to stack the drywall sheets in the hallway near the exit. Dominguez testified he walked by the stack of drywall, both with and without a tool belt, and did not encounter any problems. Dominguez said he did not see anyone else having trouble walking by the stack of drywall. However, on cross-examination, Dominguez admitted that this was not the "first time the drywall got knocked over." Dominguez testified that when electrical workers previously attempted to move the stack of drywall to "[w]ork behind it," the drywall stack fell over.

Metal framer Diaz testified that he walked by the drywall stack "[m]any times" and never had any difficulty walking past the drywall. Both Dominguez and Diaz stated that although Metier had regular safety meetings with general contractor CHINN, no one ever raised a concern about how the drywall was being stored on the construction site.

Workplace safety expert Stranne agreed with the Department calculations that the angled stack of drywall reduced the width of the unit's exit route to approximately 23 ¾ inches. However, based on the assumption that the apartment unit exit doorway is the same as a fire door, Stranne concluded the reduced width was close to the 24-inch clearance required for fire doors under WAC 296-155-265(4)(g).

4

The IAJ issued a proposed decision and order. The IAJ found the Department proved by a preponderance of the evidence that Metier violated WAC 296-155-265(4)(a). The IAJ noted WAC 296-155-265(4)(a) does not require exit routes to be a particular width but "requires only that stored materials not obstruct or adversely affect a means of exit." Based on the evidence presented at the hearing, the IAJ found the "drywall that Metier stored in the hallway of the unit adversely affected the means of exit from the unit" and affirmed the decision of the Department.

Metier filed a petition for review of the proposed decision and order with the Board. Metier argued that the stack of drywall did not obstruct or adversely affect the means of exit, the measurements cited by the IAJ were erroneous, and there was no evidence presented to rebut the testimony of Metier employees.

The Board affirmed the decision of the Department. In the "Decision and Order," the Board notes, "While we concede that there are no specific clearance widths specified in the code, our hearing judge's point about construction workers with tool belts requiring additional space to safely pass by stacked drywall in a narrow hallway is well taken" and "one could reasonably conclude from the evidence that the stored drywall obstructed the only means of exit from the unit." The Board entered the following pertinent findings of fact and conclusions of law:

### FINDINGS OF FACT

. . . .

3.    The 12-foot long sheets of drywall that Metier Construction, Inc., stored at an angle in the hallway leading to the only means of exit from the unit where Metier and others were working reduced the width of the hallway leading to the exit doorway.

4.    The drywall that Metier Construction, Inc., stored in the hallway of the unit where work was being performed adversely affected the only means of ingress and egress into that particular unit.

. . . .

## CONCLUSIONS OF LAW

. . . .

2.      Metier Construction, Inc., committed a general violation of WAC 296-155-265(4)(a).

. . . .

4.      Corrective Notice of Redetermination No. 317938044 issued by the Department on February 4, 2016, is affirmed as modified.[2]

Metier appealed the Decision and Order of the Board to King County Superior Court. The court affirmed the Decision and Order of the Board.

## ANALYSIS

Metier contends substantial evidence does not support the Board's finding that the stack of drywall adversely affected the exit route of the apartment. Metier also argues the Board and superior court erred in failing to apply the 24-inch minimum clearance fire door requirement under WAC 296-155-265(4)(g) to determine whether the stack of drywall obstructed or adversely affected the exit route.

Standard of Review

The Washington Industrial Safety and Health Act of 1973 (WISHA), chapter 49.17 RCW, governs our review. The purpose of WISHA is to "assure, insofar as may reasonably be possible, safe and healthful working conditions for every man and woman working in the state of Washington." RCW 49.17.010. We construe all regulations implemented under WISHA in light of the purpose of the statute. Mid Mountain Contractors, Inc. v. Dep't of Labor & Indus., 136 Wn. App. 1, 4, 146 P.3d 1212 (2006) (citing Adkins v. Alum. Co. of Am., 110 Wn.2d 128, 146, 750 P.2d 1257, 756

---

[2] One member of the Board disagreed that Metier violated WAC 296-155-265(4)(a) on the ground that the Department "failed to present any credible evidence to establish that the drywall in any way impeded the ingress and egress of any workers at this construction site."

P.2d 142 (1988)). WISHA gives the Department the authority to promulgate regulations governing workplace safety. RCW 49.17.050. The Department may issue citations and impose penalties when employers violate these regulations. RCW 49.17.120, .180.

In a WISHA appeal, the findings of fact of the Board are conclusive if substantial evidence supports the findings when viewed in light of the record as a whole. RCW 49.17.150(1); Express Constr. Co. v. Dep't of Labor & Indus., 151 Wn. App. 589, 595-96, 215 P.3d 951 (2009). We review the decision of the Board "directly, based on the record before the agency." Legacy Roofing, Inc. v. Dep't of Labor & Indus., 129 Wn. App. 356, 363, 119 P.3d 366 (2005). If substantial evidence supports the findings, we determine whether the findings support the conclusions of law. Mid Mountain, 136 Wn. App. at 4; see RCW 49.17.150(1).

Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the declared premise. Mowat Constr. Co. v. Dep't of Labor & Indus., 148 Wn. App. 920, 925, 201 P.3d 407 (2009). We view the evidence and reasonable inferences in the light most favorable to the prevailing party. Erection Co. v. Dep't of Labor & Indus., 160 Wn. App. 194, 202, 248 P.3d 1085 (2011). We do not reweigh or rebalance the evidence, nor do we apply anew the burden of persuasion. Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180-81, 210 P.3d 355 (2009). Credibility determinations are for the trier of fact and are not subject to appellate review. Yow v. Dep't of Health Unlicensed Practice Program, 147 Wn. App. 807, 819-20, 199 P.3d 417 (2008).

Substantial Evidence Supports the Finding of the Board

Metier contends substantial evidence does not support the Board finding that the stacked drywall adversely affected worker egress. Metier argues the evidence establishes that no worker, either with or without a tool belt, had any trouble walking through the hallway. Metier argues the Department failed to meet its burden of establishing that the drywall either obstructed or adversely affected a worker's means of exit. We disagree.

When alleging a violation of WISHA regulations against an employer, the Department has the burden of proving the existence of that violation. WAC 263-12-115(2)(b); J.E. Dunn Nw., Inc. v. Dep't of Labor & Indus., 139 Wn. App. 35, 44, 156 P.3d 250 (2007). A "general violation" is any violation of a safety or health standard promulgated under WISHA or of any Department regulation governing conditions of employment that is "determined not to be of a serious nature."[3] RCW 49.17.180(3).

To establish a general violation of a WISHA safety regulation, the Department must prove by a preponderance of the evidence the following:

> "(1) [T]he cited standard applies; (2) the requirements of the standard were not met; (3) employees were exposed to, or had access to, the violative condition; [and] (4) the employer knew or, through the exercise of reasonable diligence, could have known of the violative condition."

Wash. Cedar & Supply Co. v. Dep't of Labor & Indus., 119 Wn. App. 906, 914, 83 P.3d 1012 (2004) (quoting D.A. Collins Constr. Co. v. Sec'y of Labor, 117 F.3d 691, 694 (2d Cir. 1997)).

---

[3] A "serious violation" is one that causes "a substantial probability that death or serious physical harm could result." RCW 49.17.180(6).

Metier does not dispute that WAC 296-155-265(4)(a) applied, that workers were exposed to the stacked drywall in the exit route, or that it knew or could have known about the location of the drywall sheets. Metier challenges only whether the stack of drywall adversely affected the apartment exit route.

Under WAC 296-155-265(4)(a), employers must comply with the following indoor storage requirements: "Storage must not obstruct, or adversely affect, means of exit." Viewing the evidence in the light most favorable to the Department, substantial evidence supports the Board finding that Metier's placement of the stack of drywall adversely affected the means of exit from the apartment unit.

The record establishes the drywall stacked in the hallway reduced the width of the apartment exit route and the hallway was the only means of exit from the apartment unit. The record also shows the drywall stacked in the hallway presented a hazard.

Despite conceding a "reduction in the width of a hallway could obstruct or adversely affect worker egress," Metier claims the unrefuted testimony of its employees established the stacked drywall did not hinder any workers in the exit route. But the IAJ rejected the testimony of Metier's employees as not credible.

Citing State ex rel. Lige & Wm. B. Dickson Co. v. County of Pierce, 65 Wn. App. 614, 618, 829 P.2d 217 (1992), Metier argues the IAJ was required to consider competing testimony or evidence. In Lige, we state that the deference appellate courts give to fact finders "necessarily entails acceptance of the fact[ ]finder's views regarding the credibility of witnesses and the weight to be given reasonable but competing inferences." Lige, 65 Wn. App. at 618. But a fact finder's credibility determination does not necessarily turn on the existence of competing testimony. A fact finder can decide a

witness is not credible without regard to contrary testimony. See, e.g., State v. Swan, 114 Wn.2d 613, 666, 790 P.2d 610 (1990) (witness's demeanor is a factor in credibility determinations). Because the IAJ was in a better position to evaluate the credibility of witnesses and weigh the evidence, we will not substitute our judgment for that of the IAJ in reviewing the record on appeal. Callecod v. Wash. State Patrol, 84 Wn. App. 663, 676 n.9, 929 P.2d 510 (1997).

WAC 296-155-265(4)(a)

WAC 296-155-265(4)(a) states that storage must not "obstruct" or "adversely affect" the means of exit. Metier contends the terms "obstruct" and "adversely affect" are analogous. Metier asserts a means of exit must be obstructed in order to be adversely affected. Metier contends the mere narrowing of the width of an exit route does not establish a violation of WAC 296-155-265(4)(a).[4]

We review the interpretation of WISHA regulations de novo. Erection Co., 160 Wn. App. at 201. "Administrative rules and regulations are interpreted as a whole, giving effect to all the language and harmonizing all provisions." Cannon v. Dep't of Licensing, 147 Wn.2d 41, 57, 50 P.3d 627 (2002). "If an administrative rule or regulation is clear on its face, its meaning is to be derived from the plain language of the provision." Cannon, 147 Wn.2d at 56. Regulatory definitions apply and we give any undefined terms their ordinary meaning as defined in the dictionary. Habitat Watch v. Skagit County, 155 Wn.2d 397, 423, 120 P.3d 56 (2005).

---

[4] We note Metier took a contrary position in its opening brief. Initially, Metier indicated that the superior court "correctly held that the Department did not have the burden to establish complete obstruction or difficulty moving through" the exit route.

Chapter 295-155 WAC does not define the terms "obstruction" or "adversely affect." The common meaning of "obstruction" is "a condition of being clogged or blocked." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1559 (2002). By contrast, the term "adversely" means "unfavorably" or "disadvantageously" and the term "affect" means "to produce an effect" or "to produce a material influence upon or alteration in." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, at 31, 35. Applying the definitions in context, WAC 296-155-265(4)(a) requires employers to store material in a manner that neither completely blocks a means of exit nor negatively impacts a means of exit even where the means of exit is passable. Here, placing the stack of drywall in the hallway violated WAC 296-155-265(4)(a).[5]

WAC 296-155-265(4)(g)

Metier contends the 24-inch clearance requirement for fire doors under WAC 296-155-265(4)(g)[6] applies to a violation of WAC 296-155-265(4)(a). Metier raised this argument for the first time in its reply brief filed in superior court. Under RCW 49.17.150(1), "[n]o objection that has not been urged before the board shall be considered by the court" except in "extraordinary circumstances." See Dep't of Labor & Indus. v. Nat'l Sec. Consultants, Inc., 112 Wn. App. 34, 37, 47 P.3d 960 (2002) (unlike the permissive language of RAP 2.5(a), RCW 49.17.150 is mandatory). Accordingly, we do not address this argument on appeal.

---

[5] We also note the exit route was not the only location where Metier could have stored the drywall. Metier foreperson Dominguez testified there were "multiple places" in the apartment unit where the stack of drywall could be stored.

[6] WAC 296-155-265(4)(g) states, "You must maintain a clearance of 24 inches around the path of travel of fire doors unless a barricade is provided, in which case no clearance is needed. Material must not be stored within 36 inches of a fire door opening."

We affirm the superior court order affirming the Decision and Order of the Board.

WE CONCUR:

Schindler, J.

Chun, J.

Andrus, J.