146 P.3d 1212 (2006)
MID MOUNTAIN CONTRACTORS, INC., Appellant,
v.
WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, Respondent.
No. 56999-6-I.
Court of Appeals of Washington, Division 1.
October 16, 2006.
Publication Ordered and as Modified November 15, 2006.
Aaron Kazuo Owada, Martin Daniel McLean, Law Offices of Aaron Owada and AMS Consu, Lacey, WA, for Appellant.
Michael King Hall, Office of the Atty General, Beth A. Hoffman, WA Attorney General's Office, Olympia, WA, for Respondent.
COX, J.
¶ 1 Washington Industrial Safety and Health Act ("WISHA") safety standards require employers to protect their employees working in excavations from cave-ins by use of adequate protection systems. A WISHA violation may occur where an employer fails to provide such a protective system and the employee has access to a cave-in hazard.[1] *1213 Here, the record shows that employees of Mid Mountain Contractors, Inc. had access to a cave-in hazard. Accordingly, the Board of Industrial Insurance Appeals ("BIIA") properly determined that Mid Mountain violated WISHA. We affirm.
¶ 2 In November 2002, Scott Reiquam, a safety inspector for the Department of Labor and Industries ("Department"), conducted an inspection at a site where Mid Mountain was performing work. A trench at the site contained a southern vertical wall (south wall), which was four feet six inches deep. Other portions of the trench had sloping, but the south wall was not sloped. Significantly, the trench did not have any protective systems to protect the workers at the site from a possible cave-in.
¶ 3 Reiquam cited Mid Mountain for violating WAC 296-155-657(1)(a). The Department issued a corrective notice of redetermination, changing the initial penalty of $600 to $1,000 for a repeat violation. Mid Mountain appealed the $1,000 citation to the BIIA. It affirmed the violation, but reduced the penalty from $1,000 to $500.
¶ 4 Mid Mountain appealed the BIIA's decision to the superior court, which affirmed.
¶ 5 Mid Mountain appeals.

WISHA VIOLATION
¶ 6 Mid Mountain argues that the BIIA erred in concluding that the Department met its burden in proving all of the elements of a WISHA violation. We disagree.
¶ 7 In a WISHA appeal, the BIIA's findings of fact are conclusive if supported by substantial evidence when viewed in light of the whole record before the court.[2] Substantial evidence is evidence in sufficient quantum to persuade a reasonable person of the truth of the premise.[3] We review whether a BIIA's findings of fact support its conclusions of law.[4]
¶ 8 Mid Mountain does not assign error to most of the BIIA's findings of fact. But it challenges the BIIA's conclusion (including finding of fact 5) that Mid Mountain violated WAC 296-155-657 because there was a substantial probability that death or physical harm could result to a worker in the event of a cave-in. The unchallenged findings of fact we treat as verities on appeal.[5]
¶ 9 The purpose of RCW 49.17, the WISHA statute, is to "assure, insofar as may reasonably be possible, safe and healthful working conditions for every man and woman working in the state of Washington. . . ."[6] "[R]egulations promulgated pursuant to WISHA,. . . . must be construed in light of WISHA's stated purpose."[7]
¶ 10 WAC 296-155-657(1) requires employers to protect employees in excavations from cave-ins, and states in relevant part:
(a) Each employee in an excavation shall be protected from cave-ins by an adequate protective system designed in accordance with subsections (2) or (3) of this section except when:
(i) Excavations are made entirely in stable rock; or
(ii) Excavations are less than 4 feet (1.22m) in depth and examination of the ground by a competent person provides no indication of a potential cave-in.
¶ 11 A serious WISHA violation exists where an employer fails to comply with the WISHA standard and there is:

a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use in such work place, *1214 unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.[8]
¶ 12 To determine whether a worker is exposed to a hazard in violation of WISHA, the Department must show that the [worker] had access to the violative conditions.[9] To establish employee access, the Department must show by "reasonable predictability that, in the course of [the workers'] duties, employees will be, are, or have been in the zone of danger."[10]
¶ 13 It is undisputed that the excavation was not protected by sloping or other protective systems. Mid Mountain asserts that the Department failed to meet its burden of establishing a violation because its employees were working in a portion of the trench that was less than four feet deep and more than five feet away from the zone of danger.
¶ 14 Mid Mountain's argument is misplaced. It is irrelevant that Mid Mountain's employees were in a portion of the trench less than four feet in depth. The proper standard is whether the employees had access to the hazard posed by the unprotected south wall that was subject to cave-in. Here, they did.
¶ 15 The unchallenged finding of the BIIA is that the excavation was situated within Type B soil. Type B soil characteristics require an excavation that is four feet six inches deep to have at least four feet six inches of horizontal distance away from a potential cave-in as a zone of danger. Applying that standard here, the zone of danger was the area within four feet six inches from the south wall of the trench.
¶ 16 Adkins v. Aluminum Co. of America lays out the proper standard to determine whether the danger was accessible.[11] In that case, Jerry Adkins worked for Wagner Roofing and was finishing work on a roof when he removed a weather cap of an exhaust vent to retrieve a tube of caulk that had fallen in.[12] Adkins injured his hand when it was caught in a moving fan. Adkins filed a personal injury suit, and the trial court concluded that the machine guarding regulations of WISHA did not apply.[13] The supreme court affirmed, reasoning that Adkins was not within the class of persons that the guidelines were designed to protect because he was within the normal work area.[14] The fan was down inside an air vent, well away from any normal workplace and covered by a weather cap. The court noted that it was not within Adkin's normal duties to gain access to the fan, and the fan only became a hazard when he "consciously and deliberately removed the cap and entered the vent. . . . "[15]
¶ 17 Unlike Adkins, here, Vern McCollaum, a Mid Mountain employee present the day of the citation, had access to the hazard, and it was within his normal duties to have access to this area. McCollaum was working at the site as a general laborer. The testimony showed that he had access to the zone of danger. Although McCollaum was not actually within the zone of danger, he was working within close proximity, and it is reasonably likely that he could have walked the short distance and been within the zone of danger. There was nothing to prevent entering the zone during the conduct of his normal duties. Thus, Mid Mountain violated the WISHA safety standards.
¶ 18 Finally, Mid Mountain argues that the BIIA and the trial court erred by citing a training violation without ever amending the citation. We reject this argument.
¶ 19 Here, the BIIA mentioned in its decision, "There is no evidence that Mid Mountain employees were instructed to avoid the area surrounding the wall or were in any way prevented from approaching the wall."[16] The trial court found that the Mid Mountain *1215 employees were not warned to stay away from the hazard area, a fact that "is not relevant to the basis [of a] citation, but it is relevant to the issue of whether there is a potential for the employees to move into the hazard area." Although the BIIA and the court noted that Mid Mountain failed to instruct its employees to avoid the hazard area, neither the BIIA nor the court concluded Mid Mountain committed a training violation. Thus, there was no basis to amend the citation.

HEARSAY
¶ 20 Next, Mid Mountain argues that the BIIA improperly admitted hearsay evidence. Because Mid Mountain abandoned that issue on appeal to the superior court, we do not reach the issue now.
¶ 21 At the hearing before the BIIA, Mid Mountain objected to the admission of hearsay evidence by Scott Reiquam on redirect examination. However, Mid Mountain failed to argue this issue before the superior court. We may decline to consider an issue that was inadequately argued below.[17] Accordingly, we do not reach this issue.
¶ 22 We affirm the decision and order.
WE CONCUR: SCHINDLER, A.C.J., and APPELWICK, C.J.
NOTES
[1] Adkins v. Aluminum Co. of America, 110 Wash.2d 128, 147, 750 P.2d 1257, 756 P.2d 142 (1988).
[2] RCW 49.17.150; RCW 34.05.570(3)(e); Inland Foundry Co. v. Dep't of Labor & Indus., 106 Wash.App. 333, 340, 24 P.3d 424 (2001).
[3] Holland v. Boeing Co., 90 Wash.2d 384, 390-91, 583 P.2d 621 (1978).
[4] Inland Foundry, 106 Wash.App. at 340, 24 P.3d 424.
[5] Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 808, 828 P.2d 549 (1992).
[6] RCW 49.17.010.
[7] Adkins, 110 Wash.2d at 146, 750 P.2d 1257.
[8] RCW 49.17.180(6) (emphasis added).
[9] Adkins, 110 Wash.2d at 147, 750 P.2d 1257 (emphasis added).
[10] Id.
[11] 110 Wash.2d 128, 750 P.2d 1257.
[12] Id. at 131, 750 P.2d 1257.
[13] Id. at 132, 750 P.2d 1257.
[14] Id. at 148, 750 P.2d 1257.
[15] Id.
[16] Certified Appeal Board Record at 19.
[17] See Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett, 146 Wash.2d 29, 36-37, 42 P.3d 1265 (2002) (mere reference to an issue in a footnote is not sufficient to effectively raise an issue before a lower court).