[No. 60617-4-I.   Division One.   August 25, 2008.]

MT. BAKER ROOFING, INC., *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Aaron K. Owada* (of *AMS Law, PC*), for appellant.

*Robert M. McKenna, Attorney General,* and *Michael K. Hall, Assistant,* for respondent.

¶1 Cox, J. — The Department of Labor and Industries may impose an enhanced civil penalty, not to exceed $70,000, on an employer for a repeat violation of a safety standard promulgated by the Department.[1] The penalty may apply if an employer is cited more than once for a "substantially similar hazard" within the last three years.[2] The three year period is measured from the date of the "final order" for each previous citation.[3] A "final order" includes, among other things, a citation, a corrective notice, or a "[d]ecision and order from the board of industrial insurance appeals" that is not appealed.[4]

¶2 Because all six of the Board's orders that Mt. Baker Roofing, Inc., challenges here are "final orders" and dated within three years of Mt. Baker's current substantially similar violation, the enhanced penalty of $33,000 is proper. We affirm.

¶3 The material facts are undisputed. The Department cited Mt. Baker for repeat serious violations of fall protection standards promulgated under the Washington Industrial Safety and Health Act of 1973 (WISHA), chapter 49.17 RCW. Specifically, a citation issued in June 2005 cited Mt.

---

[1] RCW 49.17.180(1).

[2] Former WAC 296-800-35040 (2005).

[3] *Id.*

[4] WAC 296-800-370.

Baker for violating WAC 296-155-24510 and WAC 296-155--24505(1).[5] Based on Mt. Baker's nine prior violations of the same safety standards, the Department imposed a total penalty of $33,000. Mt. Baker appealed the citation to the Board of Industrial Insurance Appeals.

¶4 Both parties moved for summary judgment. An industrial insurance appeals judge (IAJ) heard arguments on the motions and issued a Proposed Decision and Order, which was partially adverse to the Department. The Department petitioned the Board, arguing that six out of nine of Mt. Baker's prior violations were repeat violations, contrary to the IAJ's ruling. The Board agreed, concluding that "final orders" for the six contested violations were properly used to compute Mt. Baker's enhanced penalty for the current substantially similar violation.

¶5 Mt. Baker appealed the Board's decision to the Whatcom County Superior Court. That court affirmed.

¶6 Mt. Baker appeals.

## FINAL ORDERS OF BOARD

¶7 Mt. Baker first argues that the Board orders dismissing its prior appeals of previous citations are not "final orders."[6] It makes a similar argument respecting the Board order remanding another citation to the Department. These arguments are unconvincing and we reject them.

---

[5] These regulations require employers to ensure that fall restraint and protection systems are provided when employees are at risk of falling 10 or more feet in the workplace. They also require the employer to develop and implement a written fall-protection work plan where fall hazards of 10 feet or more exist.

[6] The current enhanced penalty is based, in part, on a total of nine prior substantially similar safety violation citations. Three are no longer at issue on appeal because Mt. Baker conceded they were properly included in the calculation of the penalty. Brief of Appellant at 12. Thus, a total of six prior citations are at issue, five of which were the subjects of the Board's orders dated July 26, 2002. Clerk's Papers at 356, 363, 370, 377, 383. The remaining citation at issue was the subject of the Board's order dated December 1, 2003. Clerk's Papers at 254.

■■ ¶8 In a WISHA appeal, the Board's findings of fact are conclusive if supported by substantial evidence.[7] Substantial evidence is evidence in sufficient quantum to persuade a reasonable person of the truth of the premise.[8] We review the Board's conclusions to determine whether they are appropriate based on the findings of fact and whether the findings support the conclusions.[9]

■■ ¶9 Our fundamental objective in reading a statute is to ascertain and carry out the legislature's intent.[10] If a statute's meaning is plain on its face, then we must give effect to that plain meaning.[11]

■■ ¶10 The meaning of a statute is a question of law that we review de novo.[12] We review agency regulations de novo, as if they were statutes.[13]

■ ¶11 WAC 296-800-370 defines "final order" as:

> Any of the following (unless an employer or other party files a timely appeal):
>
> Citation and notice;
>
> Corrective notice;
>
> ***Decision and order from the board of industrial insurance appeals;***
>
> Denial of petition for review from the board of industrial insurance appeals; or

---

[7] RCW 49.17.150(1); *BD Roofing, Inc. v. Dep't of Labor & Indus.*, 139 Wn. App. 98, 106, 161 P.3d 387 (2007).

[8] *Mid Mountain Contractors, Inc. v. Dep't of Labor & Indus.*, 136 Wn. App. 1, 4, 146 P.3d 1212 (2006) (citing *Holland v. Boeing Co.*, 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978)).

[9] *BD Roofing*, 139 Wn. App. at 106; *Mid Mountain Contractors*, 136 Wn. App. at 4.

[10] *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

[11] *Id.*

[12] *Okeson v. City of Seattle*, 150 Wn.2d 540, 548-49, 78 P.3d 1279 (2003).

[13] *Wash. Cedar & Supply Co. v. Dep't of Labor & Indus.*, 137 Wn. App. 592, 598, 154 P.3d 287 (2007).

Decision from a Washington State superior court, court of appeals, or the state supreme court.[14]

¶12 Here, there is no dispute that the Department previously cited Mt. Baker nine times for violating WISHA's fall protection standards. The issue is whether six of the Board's orders dealing with the prior citations are properly utilized to calculate the enhanced penalty for the current violation.

¶13 Each of the five Board orders dismissing Mt. Baker's citation appeals is entitled "Order Dismissing Appeal." Similarly, the Board's order remanding the sixth contested citation is entitled "Order on Agreement of Parties." Mt. Baker did not appeal either the dismissal orders or the order to remand.

¶14 Applying the plain language of the statutory definition of "final order" to these six board orders, we conclude that they are final orders. They are each a "decision and order from the board of industrial insurance appeals" that Mt. Baker did not appeal.

¶15 Relying on *Albrecht v. Department of Labor & Industries*[15] and *Department of Labor & Industries v. City of Kennewick*,[16] Mt. Baker contends these are not final orders because the Board did not reach the merits of the five dismissed appeals, and Department action is required on the remanded appeal. But neither *Albrecht* nor *Kennewick* supports Mt. Baker's arguments.

¶16 In *Albrecht*, our supreme court held that "when the [Board] hears an appeal on the question presented and makes a final order on the merits of the case, that case is closed."[17] Contrary to Mt. Baker's contention, this holding does not require the Board to reach the merits of an appeal for its order to be final.

---

[14] (Emphasis added.)

[15] 192 Wash. 520, 525-26, 74 P.2d 22 (1937).

[16] 99 Wn.2d 225, 227-28, 661 P.2d 133 (1983).

[17] 192 Wash. at 525.

¶17 In *Kennewick*, an employer appealed WISHA violations to the superior court. The trial court issued a memorandum decision affirming the violations but did not enter a formal court order. Our supreme court held that the court's memorandum decision did not constitute a final judgment.

¶18 Unlike in *Kennewick*, the Board orders at issue here are not memorandum decisions. Rather, they are unappealed, written orders from the Board, which qualify as "final orders" under the Washington Administrative Code.

¶19 Mt. Baker next argues that the absence of a formal judgment bars the Department from using these citations to calculate a repeat penalty. It argues that the Board orders must comply with Civil Rule 54(e), which describes the procedure for entering orders and judgments in superior court. CR 54(e) states in relevant part:

> **Preparation of Order or Judgment.** The attorney of record for the prevailing party shall prepare and present a proposed form of order or judgment not later than 15 days after the entry of the verdict or decision, or at any other time as the court may direct.

¶20 The superior court's civil rules apply to Board decisions to the extent they are applicable and do not conflict with WAC regulations.[18] But the state legislature has prescribed the procedure and time frame for final decisions by the Board.[19] RCW 51.52.106 states:

> Every final decision and order rendered by the board shall be in writing and shall contain findings and conclusions as to each contested issue of fact and law, as well as the board's order based thereon. The board shall, in all cases, render a final decision and order within one hundred and eighty days from the date a petition for review is filed. A copy of the decision and order, including the findings and conclusions, shall be mailed to each party to the appeal and to his attorney of record.

---

[18] WAC 263-12-125.

[19] RCW 51.52.106; *see also* WAC 263-12-155.

Because RCW 51.52.106 specifically directs the Board how to render its final decisions and orders, CR 54(e) does not apply here.

## DATED NO MORE THAN THREE YEARS PRIOR

■ ■ ¶21 Mt. Baker next contends that even if the Board issued final orders on the six challenged citations, the orders cannot be used to calculate a repeat violation penalty because the citations were issued more than three years before the current citation. We disagree.

¶22 WISHA authorizes the Department to assess civil penalties when an employer repeatedly violates WISHA requirements.[20] RCW 49.17.180(1) states in relevant part:

> *any employer who* willfully or *repeatedly violates . . . any safety or health standard* promulgated under the authority of this chapter, of any existing rule or regulation governing the conditions of employment promulgated by the department . . . *may be assessed a civil penalty not to exceed seventy thousand dollars for each violation.*[21]

The Department may increase penalties for repeat violations.[22] Former WAC 296-800-35040[23] states:

> A violation is a repeat violation if the employer has been cited one or more times previously for a substantially similar hazard.
>
> *WISHA cites such violations if the final order for the previous citation was dated no more than three years prior to the employer committing the violation being cited.*
>
> The adjusted base penalty will be multiplied by the total number of citations with violations involving similar hazards, including the current inspection.

---

[20] RCW 49.17.270, .180.

[21] (Emphasis added.)

[22] Former WAC 296-800-35040 (2005).

[23] The 2005 version of this regulation was in effect on June 9, 2005, the date citation No. 308440205 was issued. The regulation was recodified in substantially the same form in WAC 296-900-14020, effective June 1, 2006.

The maximum penalty cannot exceed $70,000 for each violation.[24]

WAC definitions include:

**Final order**

Any of the following (unless an employer or other party files a timely appeal):

Citation and notice;

Corrective notice;

***Decision and order from the board of industrial insurance appeals . . . .***

**Final order date**

The date a final order is issued.[25]

¶23 According to the plain words of the regulation, it is the date of the *final order* relating to the previous citation that is relevant to calculating a repeat violation penalty.[26] Mt. Baker appealed the six citations and, therefore, the citations did not constitute final orders.[27] As discussed earlier in this opinion, it is the "decision and order" of the Board dismissing or remanding each of Mt. Baker's appeals that constitutes the final order for each citation. And it is the dates of those final orders, not the dates of the underlying citations, that are relevant to determine whether the previous citations may be used to calculate Mt. Baker's repeat violation penalty at issue here.

¶24 The Board's orders dismissing the five challenged citations are dated within three years of June 9, 2005 (the date on which the currently appealed citation was issued). Therefore, the five citations may be counted when calculating the repeat violation penalty here. Likewise, because the Board's order remanding the sixth challenged citation is dated within three years of the currently appealed citation,

---

[24] (Emphasis added.)

[25] WAC 296-800-370 (emphasis added).

[26] Former WAC 296-800-35040 (2005).

[27] *See* WAC 296-800-370.

it may also be considered in calculating Mt. Baker's repeat violation penalty.

¶25 To adopt Mt. Baker's argument and construe the regulations otherwise would create an absurd result, which we avoid.[28] By statute, the Department cannot use a citation as a penalty multiplier while it is being appealed.[29] Thus, if the issue date of *the citation* was used as the final order date, an employer could maintain a citation appeal for some or all of the three year period and, in doing so, prevent the Department from ever using the appealed citation as a multiplier for later violations. The stated purpose of the statute and the plain language of the statutory provisions analyzed above do not support such an interpretation.

## EVIDENCE RULE 408

¶26 Finally, Mt. Baker argues that ER 408[30] precludes the Department from relying on two settlement agreements, the July 2002 Agreement and the October 2003 Agreement, to prove it committed the six challenged citations.

¶27 Contrary to Mt. Baker's argument, the Department relied on the Board's orders, not the agreements on which they were based, to determine which prior citations could be used to calculate the repeat violation penalty at issue. Moreover, the Board's final orders dismissing and remanding the six challenged citations are not settlements. They

---

[28] *See State v. Neher*, 112 Wn.2d 347, 351, 771 P.2d 330 (1989).

[29] RCW 49.17.140(3) ("A notice of appeal filed under this section shall stay the effectiveness of any citation or notice of the assessment of a penalty pending review by the board of industrial insurance appeals.").

[30] ER 408 states in part:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. . . .This rule does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose . . . .

are orders that make the underlying citations final. ER 408 does not apply here.

¶28 We affirm the superior court judgment.

GROSSE and BECKER, JJ., concur.