# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ZBIGNIEW LASKOWSKI,<br><br>Appellant,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES,<br><br>Respondent. | No. 53067-8-II<br><br><br><br>ORDER GRANTING<br>MOTION TO PUBLISH |

Respondent, Washington State Department of Labor and Industries, filed a motion to publish this court's opinion filed on September 24, 2019. After consideration, the court grants the motion. Accordingly, it is

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered." is deleted. It is further

**ORDERED** that the opinion will now be published.

**FOR THE COURT**

**PANEL**: Jj. Worswick, Lee, Cruser

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ZBIGNIEW LASKOWSKI, | No.  53067-8-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, A.C.J. — Zbigniew Laskowski appeals the superior court's order affirming the Board of Industrial Insurance Appeals order closing Laskowski's claim and awarding him partial permanent disability benefits.  Because Laskowski entered into an agreement with the Department of Labor & Industries for a binding medical examination and the results of the binding medical examination resolve Laskowski's claims, we affirm the superior court's order.

## FACTS

In 2006, Laskowski suffered a work-related back injury.  The Department allowed Laskowski's claim and provided him with benefits.  In 2008, the Department closed Laskowski's claim with a partial permanent disability award.  However, in 2010, the Department reopened Laskowski's claim.  In February 2015, the Department ended Laskowski's time loss compensation.  In May 2015, the Department again closed Laskowski's claim because treatment was no longer

necessary. The Department did not increase Laskowski's partial permanent disability award, which was set at a category III (3). Laskowski appealed the Department's 2015 orders.

At a conference before the Board of Industrial Appeals judge, the parties agreed that Dr. Diana Kraemer would perform a binding medical examination to resolve the disputed factual issues on appeal and that they would be bound by Dr. Kraemer's opinions in the binding medical examination. The parties also agreed that they would provide complete records that have been reviewed by Laskowski to Dr. Kraemer and that Dr. Kraemer's medical examination would resolve the following issues:

> (1) does Mr. Laskowski's industrial injury condition(s) need medical treatment; (2) did his industrial injury prevent him from working between May 12, 2015, and May 15, 2015, on a temporary basis; (3) is Mr. Laskowski permanently precluded by the industrial injury from working as of May 15, 2015; and alternatively (4) what degree of permanent partial disability best describe the claimant's residual impairment from his industrial injury?

Administrative Record (AR) at 50. The parties further agreed that after completing a review of medical records and performing a medical examination, Dr. Kraemer would provide a written report and include in the report answers to the following questions relating to Laskowski's industrial injury:

> 1. State your diagnosis of the conditions found on examination.
> 2. Of those conditions found, which of them, if any, are related to the claimant's January 5, 2006 industrial injury?
> 3. Do any conditions related to the industrial injury require further medical treatment as of May 15, 2015? If this is the case, what treatment recommendations do you have?
> 4. Did the residual impairment from the January 5, 2006 industrial injury temporarily prevent M[r]. Laskowski from obtaining and performing work on a full-time basis during the period between May 12, 2015, and May 15, 2015?

5.    Did the residual impairment from the January 5, 2006 industrial injury permanently prevent M[r]. Laskowski from obtaining and performing work on a full-time basis as of May 15, 2015, and thereafter?

6.    If Mr. Laskowski's industrial injury conditions do not require further medical treatment, what degree of permanent partial disability best described his residual impairment from the industrial injury?

AR at 50-51 (boldface omitted).

After completing the binding medical examination, Dr. Kraemer determined that there was no additional recommended treatment for conditions related to Laskowski's industrial injury. Dr. Kraemer also determined that Laskowski's partial permanent disability was a Category IV (4).

Based on the parties' agreement, the Board of Industrial Insurance Appeals issued an order on agreement of parties. The Board affirmed the Department's order closing Laskowski's claim because no further treatment was necessary. The Board's order also reversed the Department's order declining to increase Laskowski's permanent partial disability award and remanded for the Department to award permanent partial disability benefits consistent with Category IV (4).

Laskowski appealed the Board's order to the superior court. The superior court entered findings of fact and conclusions of law, concluding that the order on the agreement of parties was correct. Accordingly, the superior court affirmed the Board's order.

Laskowski appeals.

ANALYSIS

A.    STANDARD OF REVIEW

Our review of the superior court decision is governed by the Industrial Insurance Act (IIA); specifically, our review is governed by RCW 51.52.140, which states that an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." This results in a different role for

this court than is typical for appeals from other administrative decisions. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355, *review denied*, 167 Wn.2d 1015 (2009). Thus, under the IIA, we review only "'whether substantial evidence supports the trial court's factual findings and then review, de novo, whether the trial court's conclusions of law flow from the findings.'" *Rogers*, 151 Wn. App. at 180 (quoting *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006)).

B.      AGREEMENT TO A BINDING MEDICAL EXAMINATION

Laskowski argues that his agreement to enter into a binding medical examination was an improper waiver of his right to compensation under the IIA. Laskowski also challenges the contents of the Board's order on agreement of parties, which adopted the findings of the binding medical examination.

Entering into an agreement for a binding medical examination is not an improper evasion of benefits. Therefore, Laskowski's agreement for a binding medical examination was proper and Laskowski has no grounds for challenging the Board's order based on that binding medical examination. And because Laskowski agreed to resolve the factual disputes relating to his industrial injury through a binding medical examination, he cannot now dispute Dr. Kraemer's factual findings and conclusions.

WAC 263-12-093(1) provides that "If an agreement concerning final disposition of any appeal is reached by all the parties present or represented at a conference, an order shall be issued in conformity with their agreement, providing the board finds the agreement is in accordance with the law and the facts." Parties may also agree to a medical examination to resolve their dispute:

The parties present at a conference may agree to a vocational evaluation or a further medical examination of a worker or crime victim, including further evaluative or diagnostic tests, except such as require hospitalization, by medical or vocational experts acceptable to them, or to be selected by the industrial appeals judge. In the event the parties agree that an order on agreement of parties may be issued based on the report of vocational evaluation or medical examination, the industrial appeals judge may arrange for evaluation or examination and the board will pay reasonable and necessary expenses involved. Upon receipt by the board, copies of the report of such examination or evaluation will be distributed to all parties represented at the conference and further appropriate proceedings will be scheduled or an order on agreement of parties issued. If the worker or crime victim fails to appear at the evaluation or examination, the party or their representative may be required to reimburse the board for any fee charged for their failure to attend.

WAC 263-12-093(4).

Here, the Board's report of proceedings shows that the parties agreed to a binding medical examination to be performed by Dr. Kraemer. The purpose of the binding examination was to resolve the underlying factual disputes regarding the appeal; specifically, whether Laskowski was able to work during the time-loss compensation period, whether further treatment was warranted (to justify closing the claim), and whether the current category of permanent partial disability was correct. Because the parties agreed to a binding medical examination with the express purpose of resolving the factual disputes underlying the appeal, it was proper under WAC 263-12-093(1) and WAC 263-12-093(4) for the Board to enter an order on agreement of the parties consistent with the findings in the binding medical examination.

Laskowski argues that the Board's order was improper because the agreement to a binding medical examination violates RCW 51.04.060, which provides that "[n]o employer or worker shall exempt himself or herself from the burden or waive the benefits of this title by any contract,

agreement, rule or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void." Laskowski's argument fails.

In *Solven v. Dep't of Labor & Industries*, the court held that an agreement to resolve an appeal by agreed examinations is not void under RCW 51.04.060. 101 Wn. App 189, 195, 2 P.3d 492, *review denied*, 142 Wn.2d 1012 (2000). The court explained, "[t]he agreement merely stipulates to a method of finding facts; it does not prevent the employee from demanding all compensation to which he is entitled." *Id*. The court also noted that the plain language of the statute demonstrates that it was meant to prevent employers from exploiting employees by urging them to contract away benefits under the IIA. *Id*.

The same is true here. Laskowski did not enter into an agreement to waive any of the benefits to which he was entitled under the IIA. Instead, Laskowski entered into an agreement stipulating to a specific method of determining the facts necessary to resolving his appeal. Therefore, the agreement to a binding medical examination is not void under RCW 51.04.060. *Solven*, 101 Wn. App. at 195.

Because the parties' agreement to a binding medical examination was not void or improper, the superior court properly concluded that the agreement was proper and binding. Accordingly, we affirm the superior court.

B.    LASKOWSKI'S OTHER ARGUMENTS

Laskowski makes several other arguments challenging the validity of the report generated after the binding medical examination and the Board's order.  However, most of these are related to Laskowski's disagreement with Dr. Kraemer's findings and conclusions.  We do not consider these arguments.[1]

None of Laskowski's challenges to the Dr. Kraemer's findings and the Board's order are challenges to the findings of fact or conclusions of law that were made by the superior court.  In IIA appeals, we review the superior court's findings of fact and conclusions of law.  RCW 51.52.140; *Rogers*, 151 Wn. App. at 180.  Because Laskowski fails to challenge the superior court's findings of fact, they are verities on appeal.  *Mid Mountain Contractors, Inc. v. Dep't of Labor & Indus.*, 136 Wn. App. 1, 4, 146 P.3d 1212 (2006).  Those findings of fact, in turn, support the superior court's conclusions that the Board's order is correct.

---

[1]  Laskowski also argues that his condition has a much greater negative impact on him and that a "correctly rated impairment would reflect that" and relies on several medical records created after the date of the Dr. Kraemer's report and the Board's order on agreement of parties.  Br. of App. at 23.  Because Laskowski's argument relies on records that were created after the date of Dr. Kraemer's report, the Board's order on agreement of parties, and the superior court's findings of fact and conclusions of law, we do not consider his argument.

Laskowski also appears to argue that the Board's order was incorrect because the Industrial Appeals Judge stated that he would issue the order.  However, the Report of Proceedings memorializing the parties' agreement states that after the binding medical examination is completed, the appeal will be resolved by an order on agreement of the parties issued by the Board, which is exactly what occurred.  Therefore, the Industrial Appeals Judge's misstatement is not an irregularity that undermines the parties' agreement to a binding medical examination.  To the extent that it is actually challenged, we affirm the superior court's finding on this point.

Moreover, by agreeing to a binding medical examination, Laskowski (and the Department) agreed to accept the medical findings contained in the examination report. *See* WAC 263-12-093. Laskowski cannot now challenge the underlying factual findings contained in the examination report and conclusions resulting from those findings because he disagrees with them.

We affirm the superior court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, A.C.J.
_____
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J.