# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VALENTINE ROOFING, INC., | No. 53020-1-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — Valentine Roofing, Inc. appeals the Board of Industrial Insurance Appeals (the Board) order finding Valentine Roofing committed several serious violations. Valentine Roofing argues that the Board's findings are not supported by substantial evidence because it presented contradictory testimony from an employee. However, the Board found the employee's testimony to be not credible. Based on the record before the Board, the Board's order was supported by substantial evidence. Accordingly, we affirm the Board's order.

## FACTS

On September 14, 2016, Allen Johnson, a Safety Compliance Inspector with the Department of Labor & Industries (the Department), was driving through neighborhoods in Bainbridge Island when he observed Valentine Roofing's workers on the roof of a house. Johnson observed three workers on the flat roof wearing harnesses that were not attached or tied off to any

fall protection. Johnson took pictures to document the workers on the roof, then contacted the workers.

Johnson also observed a blue, self-supporting ladder between the lower garage roof and the upper house roof. The blue ladder was in the closed position, leaning against the edge of the roof. The blue ladder did not appear to extend three feet above the edge of the roof and it was not secured in any way. Although Johnson did not personally observe the workers descend from the upper roof, he believed they used the blue ladder to get from the upper roof to the lower roof.

Johnson measured the distance from the upper roof to the ground and determined it was 13 feet, 5 inches at the low point and 15 feet, 6 inches at the high point. Johnson also observed two skylights in the upper roof, which were approximately 8 feet above the interior floor.

The Department issued a citation and notice of assessment for several serious violations resulting from Johnson's observations. Violations 1-1a and 1-1b were violations for failing to provide fall protection for employees. Violations 2-1 and 2-2 were serious violations for improperly using and securing the blue ladder. The Department assessed penalties against Valentine Roofing totaling $29,400.00 for the violations.

The Department then issued a corrective notice of redetermination which affirmed the following violations: 1-1a fall protection violation (WAC 296-155-24611(1)(a)),[1] 1-1b fall protection violation (WAC 296-155-24609(4)(d)),[2] 2-1 ladder violation (WAC 296-876-

---

[1] WAC 296-155-24611(1)(a) provides that an employer "must ensure that the appropriate fall protection system is provided, installed, and implemented according to the requirements in this part when employees are exposed to fall hazards of 10 feet or more to the ground or lower level, while . . . [e]ngaged in roofing work on a low pitched roof."

[2] WAC 296-155-24609(4)(d) provides,

40050(1)),[3] 2-2 ladder violation (WAC 296-876-40030(1)),[4] and 3-1 fire extinguisher violation.[5] Later, the Department amended the corrective notice of redetermination so that 2-2 alleged a violation of WAC 296-876-40030(2), also a serious ladder violation.[6]

A hearing was held in front of an Industrial Appeals Judge (IAJ). Johnson testified regarding his observations of the job site as detailed above.

Jorge Portillo testified on behalf of Valentine Roofing as follows: Portillo was the crew leader for the roofing job in September 2016. The crew installed anchor points approximately 15-16 feet from the edge of the roofs. And the crew was tied off to the anchor points except for when the anchor points had to be removed and reinstalled on the new roofing surface. The photos that

---

Wherever there is a danger of falling through an unprotected skylight opening, or the skylight has been installed and is not capable of sustaining the weight of a 200 pound person with a safety factor of 4, you must provide standard guardrails on all exposed sides in accordance with WAC 296-155-24615(2) or the skylight must be covered in accordance with WAC 296-155-24615(3). Personal fall arrest equipment may be used as an equivalent means of fall protection when worn by all employees exposed to the fall hazard.

[3] WAC 296-876-40050(1) requires employers to "make sure self-supporting ladders are not used as single ladders or in the partially closed position."

[4] WAC 296-876-40030(1) requires employers to "make sure a ladder used to access an upper level has the side rails extended at least three feet (0.9 m) above the landing surface if the ladder length permits."

[5] Valentine Roofing did not challenge the Department's finding that the fire extinguisher violation was committed.

[6] WAC 296-876-40030(2) requires employers to do the following if a ladder does not extend more than three feet above the landing surface it is being used to access: "(a) [s]ecure the ladder at the top to a rigid support that will not deflect[,] (b) [p]rovide a grasping device, such as a grabrail, to assist in mounting and dismounting the ladder[, and] (c) [m]ake sure the ladder deflection under a load would not, by itself, cause it to slip off its support."

the inspector took were photos of the crew installing the new anchor points. None of the crew were near the edge of the roof or exposed to a fall hazard while the new anchor points were being installed. Portillo also explained that nobody on the work crew used the blue ladder to access the roof. Instead, that ladder was only there for emergencies.

Following the hearing, the IAJ entered a proposed decision and order affirming the Department's amended corrective notice of redetermination. In the proposed decision, the IAJ made explicit credibility determinations regarding Portillo's testimony:

> Although possible that Mr. Johnson arrived just at the moment the crew was removing or replacing anchor bolts from the roof surface, I do not find this probable. The testimony provided by Mr. Portillo was not credible in this regard, and when considered in combination with his other testimony regarding the blue self-supporting ladder (discussed further below), I find his version of events wholly implausible.
>
> . . . .
>
> Mr. Portillo . . . has clear motivation to testify in the manner he did at [the] hearing. As noted above, I found him not credible, particularly on the rationale offered for bringing, placing, and then not using the blue ladder.

Administrative Record (AR) at 31-32, 34. Because the IAJ determined that Portillo's testimony was not credible, the IAJ made the following findings of fact:

4.     Under Citation Item 1-1a, on September 14, 2016, three employees of Valentine Roofing, Inc., were performing roofing activities on a flat roof more than 10 feet above the ground and were not tied into or otherwise using an appropriate fall protection system. As a result, all of these employees were exposed to the hazard of falling more than 10 feet from a roof to the ground.

5.     A substantial probability existed that if the Valentine Roofing, Inc., employees exposed to the hazard described in Finding of Fact No. 4 were injured, their injury would result in serious physical harm, including death or permanent disability.

4

6.  Under Citation Item 1-1b, on September 14, 2016, employees of Valentine Roofing, Inc., were performing roofing activities on a flat roof more than 10 feet above the ground and more than 4 feet above the next lower level roof or interior floor level and were not tied into or otherwise using an appropriate fall protection system. As a result, the employees were exposed to the hazard of falling through a skylight to the interior of the home or down to the lower level of the garage roof.

7.  A substantial probability existed that if the Valentine Roofing, Inc., employees exposed to the hazard described in Finding of Fact No. 5 were injured, their injury would result in serious physical harm, including death or permanent disability.

8.  No credible evidence supports application of an exemption to the regulatory requirements of requiring installation and implementation of an appropriate fall protection system.

    . . . .

17. Under Item 2-1, on September 14, 2016, employees of Valentine Roofing, Inc., used a self-supporting ladder as a single ladder to provide access from the lower roof to the upper roof.

18. A substantial probability existed that if the Valentine Roofing, Inc., employees exposed to the hazard described in Finding of Fact No. 17 were injured, the injury would result in serious physical harm, including death or permanent disability.

    . . . .

25. Under Item 2-2, on September 14, 2016, employees of Valentine Roofing, Inc., made use of a ladder to access an upper level that was not long enough to extend at least three feet above the upper level and further failed to secure the ladder at its top, provide any grasping device, or make certain that the ladder's deflection under a load would not cause it to slip.

26. A substantial probability existed that if the Valentine Roofing, Inc., employees exposed to the hazard described in Finding of Fact No. 25 were injured, the injury would result in serious physical harm, including death or permanent disability.

AR at 36-38. The IAJ concluded that Valentine Roofing committed the serious violations in 1-1a, 1-1b, 2-1, and 2-2. The IAJ affirmed the Department's amended corrective notice of redetermination.

Valentine Roofing petitioned the Board for review of the IAJ's proposed decision and order. The Board denied the petition and adopted the proposed decision and order as the decision and order of the Board. Valentine Roofing appealed the Board's decision to the superior court. The superior court affirmed the Board's order.

Valentine Roofing appeals.

## ANALYSIS

Valentine Roofing challenges the Board's order, arguing that the Board's determinations were not supported by substantial evidence.[7] We disagree.

A.    STANDARD OF REVIEW

The Washington Industrial Safety and Health Act (WISHA) governs the judicial review of the Board's decision. RCW 49.17.150; *Erection Co., Inc. v. Dep't of Labor & Indus.*, 160 Wn. App. 194, 201, 248 P.3d 1085, *review denied*, 171 Wn.2d 1033 (2011). We review the Board's decision directly, based on the record before the Board. *J.E. Dunn Nw., Inc. v. Dep't of Labor &*

---

[7] Valentine Roofing asserts that the Board erred in affirming the violations in the amended corrective notice of redetermination. Valentine Roofing specifically assigns error to findings of fact 4-32 and conclusions of law 2-6 and 8. However, Valentine Roofing does not provide any argument or authority addressing any individual finding of fact or conclusion of law except for findings of fact 5-8, 17-18, and 25-26 (regarding the exception to fall protection and exposure to the hazard created by the violations). Therefore, we do not address the other findings of fact to which Valentine Roofing assigned error and consider the remaining findings of fact verities on appeal. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *Kittitas County v. Kittitas County Conservation*, 176 Wn. App. 38, 54-55, 308 P.3d 745 (2013).

*Indus.*, 139 Wn. App. 35, 42, 156 P.3d 250 (2007). We determine whether the findings of fact made by the Board are supported by substantial evidence. RCW 49.17.150(1). If the Board's findings are supported by substantial evidence, we review whether the Board's findings support the conclusions of law. *Erection Co.*, 160 Wn. App. at 202.

"Substantial evidence is evidence 'in sufficient quantum to persuade a fair-minded person of the truth of the declared premise.'" *J.E. Dunn Nw.*, 139 Wn. App. at 43. The evidence and reasonable inferences therefrom are viewed in the light most favorable to the party that prevailed "in the highest forum that exercised fact-finding authority." *Erection Co.*, 160 Wn. App. at 202. Because the Department prevailed in front of the Board, we review the evidence and all reasonable inferences in favor of the Department. *See Erection Co.*, 160 Wn. App. at 202. We do not reweigh evidence or review the credibility of witnesses. *Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 124, 615 P.2d 1279 (1980).

B.     SUBSTANTIAL EVIDENCE SUPPORTS THE FALL PROTECTION VIOLATIONS

The Board determined that Valentine Roofing violated WAC 296-155-24611(1)(a) and WAC 296-155-24609(4)(d) because the workers on the roof were not connected to fall protection when they were observed. Valentine Roofing argues that the Board's determination was not supported by substantial evidence because the evidence supports finding an exception for fall protection applied. Valentine Roofing also argues that the Board erred by finding that the workers were actually exposed to the fall hazard.

1.     The Exception in WAC 296-155-24605(4)(a) Does Not Apply

Valentine Roofing does not dispute that the employees were not secured to fall protection on the roof. Instead, Valentine Roofing argues that the exception contained in WAC 296-155-

7

24605(4)(a)[8] applies because the employees were resetting the anchor points at the time Johnson observed the employees unsecured on the roof.

Valentine Roofing relies on Portillo's testimony and the fact that anchor points were installed on the roof at some point to support its argument the exception applied. However, the Board specifically found that Portillo's version of events, that the employees were all in the process of resetting the anchor points at the exact moment Johnson observed them and then took several photos, was not credible.

Because we do not review credibility determinations, Valentine Roofing's reliance on Portillo's explanation for the violation is misplaced. The Board found that Portillo's testimony was not credible and, therefore, there is no evidence supporting Valentine Roofing's assertion that the exception in WAC 296-155-24605(4)(a) applies. Accordingly, Valentine Roofing's argument that the exception in WAC 296-155-24605(4)(a) applies fails.

    2.      Substantial Evidence Supports the Finding that the Employees Were Exposed to Danger

Valentine Roofing also argues that the Board's decision is not supported by substantial evidence because the employees were not exposed to danger caused by the failure to employ fall protection. We disagree.

Under RCW 49.17.180(6), the Department must prove that the workers were exposed to or had access to the danger caused by the violation. *Mowat Constr. Co. v. Dep't of Labor & Indus.*,

---

[8] WAC 296-155-24605(4)(a) states that employees are exempt from using fall protection *only* "[d]uring initial installation of the fall protection anchor (prior to engaging in any work activity), or the disassembly of the fall protection anchor after the work has been completed," or during inspecting/estimating.

148 Wn. App. 920, 924, 201 P.3d 407 (2009). "To establish employee access, the Department must show by '*reasonable predictability* that, in the course of [the workers'] duties, employees will be, are, or have been in the zone of danger.'" *Mid Mountain Contractors, Inc. v. Dep't of Labor & Indus.*, 136 Wn. App. 1, 5, 146 P.3d 1212 (2006) (alterations in original) (quoting *Adkins v. Alum. Co. of Am.*, 110 Wn.2d 128, 147, 750 P.2d 1257, 756 P.2d 142 (1988)).

The Board found that there were two violations related to fall protection. Violation 1-1a was based on the risk of falling from the roof to the ground. Violation 1-1b was based on the risk of falling through the skylights on the roof. Valentine Roofing contends that the employees on the roof were not within the zone of danger caused by either of these hazards because the employees were not in the vicinity of the roof's edge or the skylights at the time of the violation. However, Valentine Roofing's argument is premised on Portillo's testimony that the only time employees were not tied off in fall protection was when they were reinstalling the anchor points.

The Board found that Portillo's testimony was not credible. Therefore, there is no evidence supporting the assertion that the employees were only without fall protection during the period they were reinstalling the anchor points. Based on the credible evidence presented, the employees could have been working anywhere on the roof without being tied into fall protection. In that case, there is a reasonable predictability that employees could have approached the edge of the roof or the skylights during the course of performing their duties. *See Mid Mountain Contractors*, 136 Wn. App. at 5. Accordingly, substantial evidence supports the Board's finding that the employees were exposed to the danger of falling either off the edge of the roof or through a skylight.

9

C.    SUBSTANTIAL EVIDENCE SUPPORTS LADDER VIOLATIONS

The Board also determined that Valentine Roofing violated WAC 296-876-40050(1) and WAC 296-876-40030(2) by improperly using a self-supporting ladder and not ensuring the ladder was long enough or properly secured. Valentine Roofing argues that the Board's decision was not supported by substantial evidence because there was no evidence that the employees ever used the improperly secured blue ladder.

The ladder violations were based on the self-supporting blue ladder that was leaning against the house roof—between the upper house roof and the lower garage roof. Valentine Roofing does not claim that the ladder was being properly used or that the ladder was properly secured. Instead, Valentine Roofing argues that employees were not within the zone of danger caused by the improperly used ladder because they did not use the ladder and the ladder was only there for emergencies.

Here, the Department was not required to show that the employees actually used the blue ladder to get down from the roof. The Department only needed to show that there was a reasonable predictability that the employees would end up within the zone of danger caused by the ladder. *Mid Mountain Contractors*, 136 Wn. App. at 5. By providing the blue ladder, there was a risk that employees would use it to descend from the roof, regardless of whether there is an emergency. *Id*. And if there is an emergency, Valentine Roofing admitted it intended for the employees to use the blue ladder, which would have exposed the employees to the risk posed by the violation. *Id*. Therefore, substantial evidence supports the Board's determination that the employees were within the zone of danger caused by the blue ladder.

No. 53020-1-II

We affirm the Board's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J

We concur:

_____
Worswick, J.

_____
Melnick, J.